CRAIN, J.
concurs.
|,I concur in affirming the summary judgment because the undisputed facts establish that Qyntessa Biologies, L.L.C., represented by its sole member, Steve E. Moye, suppressed the truth with the intention of obtaining an unjust advantage when the parties entered the subject consulting service agreements. See La. Civ.Code art. 1953. The parties do not dispute that the agreed “compensation” under the agreements was a publicly funded subsidy intended to cover any financial losses or deficit incurred in the operation of the clinical manufacturing facility during the term of each agreement. The parties also *476 do not dispute that Qyntessa was required to submit an annual budget for the facility. Those budgets consistently projected substantial operating losses or deficits, which were then used by the Louisiana Department of Economic Development, through the LSU System Research and Technology Foundation and its subsidiary, LAETC Management Company, to determine the “compensation” or subsidy. The budgets did not reflect a salary for Moye, or any other anticipated distribution of a “profit” to Moye. This omission resulted in a misrepresentation of the facts by Qyntessa consistently overstating the necessary expenses for operating the facility.
According to Qyntessa’s budgets, the facility’s cumulative operational deficit for the three year period covered by the agreements was $5,298,000. In reliance on those figures, Qyntessa was paid the “compensation” amount of $4,810,000. During that same period of time and from these same funds, Moye used what is now referred to as Qyntessa’s “profit” to pay himself undisclosed | asalaries totaling in excess of $800,000, and to fund undisclosed lavish expenditures for his personal benefit.
Qyntessa’s explanation that the budgets were merely pro forma projections ignores that Qyntessa continued to submit monthly invoices requesting a pro rata distribution of the subsidy, which invoice amounts were calculated using the agreed compensation amounts set forth in the agreements, and which agreed compensation amounts were derived from the budgets. At the same time Qyntessa failed to disclose that the invoice amount was either not needed, or was more than was needed, for Qyntessa to avoid an operational loss for the facility. The assertion that the agreements did not prohibit Qyntessa from making a “profit” simply disregards the undisputed fact that the distribution of the agreed compensation amount was based upon Qyntessa’s representations that the clinical manufacturing facility was generating losses, not profits.
Through the projected annual budgets, Qyntessa publicly represented that the clinical manufacturing facility was losing money — thus ensuring the continuance of the subsidy under the agreements — while privately Moye treated a significant portion of the subsidy as “profits” for his personal use and benefit. The payments to Moye were neither disclosed nor determinable from the budgets. By failing to reveal completely the source of the operational losses (i.e., the payments to Moye), Qyntessa’s budgets misrepresented material facts. Based upon these undisputed facts, we are left with only one reasonable conclusion, that the truth regarding the payments to Moye was suppressed by Qyntessa with the intention to obtain an unjust advantage. Therefore, the Foundation and LAETC were fraudulently induced into entering into the agreements, and summary judgment was appropriate. See La. Civ.Code art. 1953.